UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12-cv-608-FDW
3:09-cr-39-FDW-13

| | |
|---|---|
| DARYL GIBBS, | ) |
| | ) |
| Petitioner, | ) |
| v. | ) |
| | ) **ORDER** |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |
| | ) |

**THIS MATTER** is before the Court on an initial review of Petitioner's Motion to Vacate, Set Aside or Correct Sentence filed pursuant to 28 U.S.C. § 2255. (Doc. No. 1). After reviewing the motion and the record in this matter, the Court finds that Petitioner's Section 2255 motion should be denied and dismissed.

## I. BACKGROUND

On August 30, 2010, Petitioner was sentenced to a term of 240-months' imprisonment following conviction for conspiracy to distribute and possess with intent to distribute one or more controlled substances, in violation of 21 U.S.C. §§ 841(a)(1) and 846. (3:09-cr-39, Doc. No. 455: Judgment in a Criminal Case at 1-2). Petitioner filed a notice of appeal to the United States Court of Appeals for the Fourth Circuit.

In November 2011, the Fourth Circuit entered an Order granting the Government's motion to dismiss Petitioner's appeal based on the appellate waivers contained in Petitioner's plea agreement with the Government. United States v. Gibbs, No. 10-4981 (4th Cir. filed Nov. 15, 2011). (Doc. No. 603).

On September 14, 2012, Petitioner, through counsel, filed the present Section 2255

1

motion contending that he is entitled to have his sentence vacated because his sentence was enhanced by a previous North Carolina conviction which the Fourth Circuit no longer defines as a felony. See United States v. Simmons, 649 F.3d 237, 243-45 (4th Cir. 2011) (en banc).

Even assuming that Petitioner's prior felony drug conviction no longer qualifies under Section 851, because a recent Fourth Circuit case, with a similar set of facts, held that a sentence of 240-months under Section 841(b)(1)(A), with or without the enhancement, is within the maximum as authorized by law, the Court will deny and dismiss Petitioner's Section 2255 motion.

## II.  STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. After having considered the record in this matter, the Court finds that no response is necessary from the United States. Further, the Court finds that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III.  DISCUSSION

In Simmons, the Fourth Circuit held that in order for a prior felony conviction to serve as a predicate offense [for either a crime of violence or a controlled substance offense], the individual defendant must have been convicted of an offense for which *that* defendant could be sentenced to a term exceeding one year. Simmons, 649 F.3d at 243 (emphasis added). In reaching this holding, the Simmons Court expressly overruled United States v. Harp, 406 F.3d 242 (4th Cir. 2005), which held that in determining "whether a conviction is for a crime punishable by a prison term exceeding one year [under North Carolina law] we consider the

2

Case 3:12-cv-00608-FDW   Document 2   Filed 11/16/12   Page 2 of 5

maximum aggravated sentence that could be imposed for that crime upon a defendant with the worst possible criminal history." Id. (quoting Harp, 406 F.3d at 246) (emphasis omitted).

Section 2255 provides a petitioner with an avenue to attack the legality of his sentence. 28 U.S.C. § 2255(a) provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or **that the sentence was in excess of the maximum authorized by law**, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

(emphasis added).

Following the enactment of 21 U.S.C. § 841(b)(1)(A), the Court followed a defined range within which to sentence defendants. Section 841(b)(1)(A) provides that upon conviction under Section 841(a) or 846, a defendant is subject to a minimum term of 10-years and maximum term of life imprisonment. Following a conviction for a felony drug offense, or one that carries a sentence of more than one year, the defendant is subject to a mandatory-minimum of 20-years to not more than life.

The Fourth Circuit recently addressed a set of facts similar to those that are present in Petitioner's case. In United States v. Powell, 691 F.3d 554, the Circuit found that Powell's challenge to his twenty-year term of imprisonment based on a prior state drug conviction for which he was not sentenced to more than one year imprisonment must fail. In 2004, Powell was convicted under 21 U.S.C. § 846 of conspiring within intent to distribute crack cocaine. Powell was sentenced pursuant to the provisions of 21 U.S.C.§ 841(b)(1)(A) which, as noted, provides for a sentence of no less than ten years and not more than life imprisonment. The Court noted the Section 851 notice of enhancement which had been filed by the Government. The Section 851

notice provided that as Powell had been convicted of a prior controlled substance offense, he was subject to a mandatory term of 240-months imprisonment. However, the Court found that despite the Section 851 notice, under § 841(b)(1)(A), Petitioner was still subject to a maximum term of imprisonment of life. The Court then agreed that because Powell was sentenced within the maximum, despite the Section 851 notice, he was not entitled to relief.[1]

As has been explained, relief from a sentence in a Section 2255 proceeding is limited to sentences which are imposed in excess of that maximum sentence as authorized by law. Section 2255(a). Therefore, even without consideration of Petitioner's prior conviction as set forth in the Government's Section 851 notice, the Court had the discretion to sentence Petitioner to a term of not less than ten years and not more than life imprisonment. Petitioner's term of 240-months was thus well within the authorized maximum sentence. Accordingly, Petitioner is not entitled to relief in this Section 2255 proceeding.

### IV.     CONCLUSION

**IT IS, THEREFORE, ORDERED** that Petitioner's Section 2255 motion is **DENIED** and **DISMISSED**. (Doc. No.1).

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding

---

[1] The Fourth Circuit recently entered its Mandate on the Powell decision on October 24, 2012. See (5:10-cv-137-RLV, Doc. No. 12).

that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

Signed: November 15, 2012

Frank D. Whitney
United States District Judge